THE STATE OF KANSAS v. HENRY STUNKLE.

1. JUROR — *Disqualification, Waiver of.* The exemption of an elector from service upon a jury is not a disqualification, but a personal privilege which he may waive; and if he does so, parties have no ground of complaint. *Held,* Therefore, that an indictment will not be quashed because one of the grand jurors finding it was a member of the board of county commissioners of the county where the court was held in which the indictment was returned and filed.

2. ACT — *Title, Sufficiently Broad.* The title of the act entitled "An act authorizing the appointment of a commissioner of fisheries, and for the protection of fish in the waters of the state of Kansas, and making an appropriation for the salary of the commissioner," Laws of 1877, ch. 117, (Comp. Laws of 1885, ch. 42b, p. 457,) is sufficiently broad, within the provisions of the constitution of the state, and §§ 4 and 5 of the act are not violative of the constitution.

3. INDICTMENT, *Sufficient.* The indictment returned and filed in this case sufficiently charges that the dam owned and operated by the defendant is in Sumner county, where the defendant was indicted, tried, and convicted.

*Appeal from Sumner District Court.*

ON February 22, 1888, there was returned and filed in the district court of Sumner county the following indictment, omitting caption and indorsements:

"At the February term of said court, 1888, the jurors of the grand jury of the state of Kansas, sitting within and for said county, duly impaneled, sworn and charged to inquire and true presentment make of all public offenses against the laws of the state of Kansas, cognizable by said court, committed or triable within said county, on their oaths do find and present that on the 14th day of February, 1888, and at all times and dates since the year 1888, one Henry Stunkle had been the owner and operator of a certain mill-dam across the Ninnescah river, about two miles south of the Sedgwick county, Kansas, line in London township, and at what is commonly called Stunkle's mill, said mill being situated in the county of Sumner and state of Kansas, said dam being constructed across said Ninnescah river, the same being one of the streams of the state of Kansas, and running through and across the county of Sumner. Said dam so owned and operated as aforesaid by the said Henry Stunkle across the waters of the said Ninnescah river,

was not on the 14th day of February, 1888, or at any other time between said date and the year 1886, provided with any kind or character of fish-way by means of which the fish in said stream were enabled to pass through or over it; and the said Henry Stunkle has owned and operated said dam from the year 1886 up to the 14th day of February, 1888, and has unlawfully obstructed the said Ninnescah river by means of said dam, and has failed to construct or provide a fish-way that will permit all kinds of fish in said Ninnescah river to pass up the said stream, and that it is not the opinion of the fish commissioner of the state of Kansas that said dam will permit the passage of fish; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

On the 1st day of May, 1888, the defendant, *Henry Stunkle,* having been arrested, appeared in court and filed his motion to quash the indictment, upon the ground that the foreman of the grand jury which returned the indictment, J. M. Reitz, was at the time he acted as a member of the grand jury disqualified to act as a juror, being at the time one of the elected, qualified and acting county commissioners of Sumner county. Upon a hearing thereof, this motion to quash was overruled, the defendant excepting. Thereupon the defendant filed another motion to quash the indictment, upon the grounds, first, that the act under which the indictment was found is unconstitutional and void; second, that the indictment did not state facts sufficient to state or charge any public offense against the defendant; and third, that the indictment upon its face showed that the court had not jurisdiction of the alleged offense charged therein. This motion also, upon a hearing thereof, was overruled, the defendant excepting. On the 2d day of May, 1888, the case came on regularly for trial upon its merits; the defendant pleaded not guilty, and a jury was impaneled, which, after hearing the evidence, the instructions of the court and the arguments, returned a verdict finding "the defendant guilty as charged in the indictment." The defendant filed a motion for a new trial, containing the usual statutory grounds; and also filed a motion in arrest of judgment, containing the various statutory grounds. These motions were overruled by the

court, the defendant excepting. The court sentenced the defendant to pay a fine of one hundred dollars and all the costs of the prosecution, and to be committed to the county jail of Sumner county until the judgment was fully satisfied. To the sentence and judgment the defendant excepted. He appeals.

*McDonald & Parker*, and *Lawrence & Ferguson*, for appellant.

*L. B. Kellogg*, attorney general, for The State; *Irwin Taylor*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: I. Exception was taken to the overruling by the trial judge of the motion to quash the indictment which was filed as a plea in abatement, upon the ground that one of the grand jurors by whom the indictment was found was disqualified to act, being a member of the board of county commissioners of Sumner county. Section 18, chapter 54, Comp. Laws of 1885, provides:

"The following persons shall be exempt from serving as jurors, to wit: All persons holding office under the laws of the United States or of this state, attorneys and counselors at law, physicians, ministers of the gospel, professors and teachers of colleges, schools, and other institutions of learning, ferrymen, all members of any company of firemen organized according to law, all persons more than sixty years of age, and all other persons exempted by any other law of this state from serving on juries."

Section 4, chapter 166, Laws of 1887, reads:

"That said commissioners shall select from those assessed on the assessment-rolls of the several townships and cities of the preceding year, suitable persons having qualifications of electors, and in making such selection they shall choose only those who are not exempt from serving on juries, and who are possessed of fair character and approved integrity, and in possession of their natural faculties, and not infirm or decrepit, and who are well informed and free from legal exceptions. No person shall be selected as a juror who either in person or

by any other means shall solicit his selection as such; and in making such selection the said commissioners shall select one person for each fifty inhabitants in said county, and such selection shall be made without regard to city or township limits, from the whole body of the county."

It is urged under the provisions of article 2, chapter 25, Comp. Laws of 1885, and the statutes quoted, that a member of the board of county commissioners of a county is disqualified from acting as a juror. The statute makes provisions for exempting certain persons from serving, or being selected as jurors, but does not state that such persons are disqualified. To exempt is not to disqualify. Exemption is the personal privilege of the party exempted, with which no one else has any concern. (*The State v. Wright*, 53 Me. 328–345.) It may be stated, as a general rule, that in the absence of terms in the statutes granting the exemptions, amounting to a positive prohibition or creating an incapacity for jury service, the exempt person may, when called, waive the privilege conferred by law, and take his place upon the jury, unless otherwise subject to challenge. (Thomp. & M. on Juries, § 40, p. 38.) Even if it be admitted that a member of the board of county commissioners of a county is exempt from serving as a juror, there is nothing in the statute showing that a person holding such an office is disqualified; therefore, as the juror waived his privilege, the defendant has no ground of complaint.

II. The objection to the act under which the indictment was found is not well taken. The title of the act is, "An act authorizing the appointment of a commissioner of fisheries, and for the protection of fish in the waters of the state of Kansas, and making an appropriation for the salary of the commissioner." (Laws of 1877, ch. 117; Comp. Laws of 1885, ch. 42b, p. 457.) The title of the act is sufficiently broad, and while it provides for a commissioner of fisheries, it also specifically applies directly to the protection of fish in the waters of the state. As a means of protecting fish, the statute makes it unlawful for any person or company to obstruct any of the streams in the state, by building a dam, or otherwise, without

constructing a fish-way. The whole subject of the statute is the protection of fish in the waters of the state. Neither the statute, nor any of its provisions referred to, are in violation of the constitution.

III. It is alleged that the indictment does not charge that the dam was in Sumner county. We think otherwise. The indictment states that on the 14th day of February, 1888, and at all times and dates since the year 1888, Henry Stunkle had been the owner and operator of a mill-dam across the Ninnescah river, about two miles south of the Sedgwick county (Kansas) line, in London township, at what is commonly called Stunkle's mill, said mill being situated in the county of Sumner and state of Kansas. This shows that the dam was located at Stunkle's mill, which is in Sumner county.

IV. We cannot say that the testimony of S. Fee was incompetent. At the time of his examination he was state fish commissioner, and had discharged the duties of that position for over three years; he stated that the investigations which he had made had rendered him familiar with the habits of fish in the streams of the state; he had read very extensively the standard authorities concerning fish, and had some personal experience of their habits; he testified as an expert that from his knowledge on the subject, fish, in the streams of this state, could not, in ordinary stages of water, pass over an obstruction that is from three to five feet out of the water. (*The State v. Baldwin*, 36 Kas. 1.)

We have examined the other alleged errors commented upon in the brief, but they are so feebly urged and are of so little importance that it is unnecessary to notice them.

The judgment of the district court will be affirmed.

All the Justices concurring.